1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   GURSHARN SINGH,

9                          Petitioner,

10       v.

11   KRISTI NOEM, et al.,

12                          Respondent.

13

CASE NO. 2:26-cv-00246-BAT

**ORDER GRANTING HABEAS
PETITION IN PART AND
DIRECTING BOND HEARING**

14       Petitioner Gursharn Singh, detained by Immigration and Customs Enforcement (ICE),

15   filed this petition under § 2241 seeking his immediate release from the Northwest ICE

16   Processing Center and a permanent injunction against his re-detention absent clear and

17   convincing evidence of his risk of flight or danger. Dkt. 1 (petition) at 10–11. He also requests

18   the Court enjoin Respondents from placing GPS ankle monitors on him upon his release, declare

19   that his re-detention during removal proceedings violated the Due Process Clause, and award

20   attorney fees and costs. For the following reasons, the Court **GRANTS** the petition in part and

21   orders a post-deprivation bond hearing as required by 8 U.S.C. § 1226(a).

**BACKGROUND**

22       Petitioner, a national of India, entered the United States in April 2023 and was

23

1    apprehended and detained on entry. Dkt. 1 at ¶ 21. He was released on an order of release on

2    recognizance (OREC). *Id.*; Dkt. 5 (return) at 4. The OREC states: "In accordance with section

3    236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code

4    of Federal Regulations. you are being released on your own recognizance provided you comply

5    with the following conditions." Dkt. 7-3 (OREC) at 2. The conditions include that Petitioner

6    must "report for any hearing or interview as directed" by the Department of Homeland Security

7    (DHS). *Id.*

8         Petitioner states that he "complied with the conditions on his order of release from

9    detention and attended every ICE check-in." Dkt. 1 at ¶ 22. Respondents dispute this, claiming

10   he missed 22 scheduled check-ins. Dkt. 6 (Curran declaration) at ¶ 14. Specifically, the

11   declaration of Deportation Officer Brandon Curran alleges:

> 15. Petitioner missed a biometric check-in during 2024 on: August 12, September 3 and 17, October 1, 15, 21, 28, December 2, 9, 18, 30; and during 2-25 on February 10, March 24, July 7, October 7, November 17.
>
> 16. Petitioner missed an in-person office visit on September 24, 2024.
>
> 17. Petitioner failed a home visit on October 29, 2024, May 14, 2025, June 9, 2025, July 8, 2025, August 4, 2025.

Respondents do not attach supporting documentation. Petitioner's traverse does not address the

alleged violations beyond calling them "unadjudicated and disputed." Dkt. 9 at 3.

ICE arrested Petitioner on January 7, 2026 when he reported for a scheduled check-in at

the Tukwila, Washington field office. Dkt. 1 at ¶ 22. He remains detained at the Northwest ICE

Processing Center in Tacoma, Washington. He did not receive prior written notice of the reason

for his re-detention. *Id.* at ¶ 24. His I-213 from the date of arrest, "Record of

Deportable/Inadmissible Alien," states: "During routine case review, ERO officers discovered

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
2

1 | SINGH failed to report for 22 separate check-ins. SEA ERO management approved a custody

2 | redetermination based on SINGH's failure to report which violated the terms and conditions

3 | outlined in Form I-220A -Order of Release on Recognizance." Dkt. 7-1 at 3.

4 |      Petitioner states he has no criminal history in the United States or any other country, Dkt.

5 | 1 at ¶ 2, which Respondents do not contest.

6 | **DISCUSSION**

7 | **I.**       **Whether Petitioner Is Detained Pursuant to 8 U.S.C. §§ 1225(b) or 1226(a)**

8 |      Respondents first argue relief should be denied because Petitioner is mandatorily

9 | detained under 8 U.S.C. § 1225. Dkt. 5 at 5–7. As Respondents correctly concede, the Court has

10 | previously rejected this argument as to individuals in Petitioner's position, and does so again for

11 | the same reasons. *See Singh v. Wamsley, et al.*, et al., 2:26-cv-00088-BAT, 2026 WL 248372, at

12 | *1 (W.D. Wash. Jan. 30, 2026). Petitioner was released on an OREC rather than on humanitarian

13 | parole, and release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-*

14 | *Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on

15 | an OREC must necessarily have been detained and released under § 1226). Petitioner's OREC

16 | states he is being released on his own recognizance "[i]n accordance with section 236 of the

17 | Immigration and Nationality Act," which corresponds to 8 U.S.C. § 1226. Dkt. 7-3 at 2. His

18 | Notice to Appear also states Petitioner is a noncitizen "present in the United States who has not

19 | been admitted or paroled." Dkt. 7-2 at 2. Thus, § 1226, not § 1225, governs Petitioner's

20 | detention.

21 | **II.**       **Whether Petitioner's Re-Detention Violated Due Process**

22 |      Petitioner claims his re-detention violated the Due Process Clause of the Fifth

23 | Amendment. Due process rights extend "to all 'persons' within the United States, including

1    aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

2    Petitioner is protected by the Due Process Clause.

3        Courts in this District have applied the three-factor test set forth in *Mathews v. Eldridge*,

4    424 U.S. 319 (1976), in evaluating due process claims like Petitioner's. *See, e.g.*, *E.A. T.-B. v.*

5    *Wamsley*, 795 F.Supp.3d 1316, at 1321 n.4. The Court therefore evaluates Petitioner's due

6    process claim under *Mathews*, assessing (1) "the private interest that will be affected by the

7    official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures

8    used, and the probable value, if any, of additional or substitute procedural safeguard" and

9    (3) "the Government's interest, including the function involved and the fiscal and administrative

10   burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319 at

11   335.

12       Regarding the first factor, Petitioner has considerable private interest in his freedom. His

13   interest in not being detained "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*,

14   542 U.S. 507, 529 (2004). Noncitizens who "gain admission" to the United States and "develop

15   the ties that go with permanent residence" have due process rights. *Landon v. Plasencia*, 459

16   U.S. 21, 33 (1982). That is true even if the initial entry was unlawful. *Shaughnessy v. United*

17   *States ex rel. Mezei*, 345 U.S. 206, 212 (1953). And it is true notwithstanding ICE's discretion to

18   release him. "When he was released from his initial detention on parole, Petitioner took with him

19   a liberty interest which is entitled to the full protections of the due process clause." *Ramirez*

20   *Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).

21       Regarding the second factor, the risk of erroneous deprivation of Petitioner's liberty

22   interest is high given that Respondents unlawfully subjected him to mandatory detention under

23   8 U.S.C. § 1225(b) in the face of numerous decisions of this Court holding that petitioners in the

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
4

1   same position are detained under § 1226(a) and entitled to a bond hearing. Because Respondents

2   incorrectly detained Petitioner under § 1225(b), he had no opportunity to demonstrate why he

3   should be released on bond. In support of the government's policy of detaining noncitizens under

4   § 1225 who previously would have been subject to detention under § 1226, Respondents cite

5   *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which has since been vacated as

6   contrary to law under the Administrative Procedure Act. *Maldonado Bautista v. Ernesto*

7   *Santacruz Jr.*, No. 5:25-cv-01873 (C.D. Cal. Feb. 18, 2026). The risk of erroneous deprivation of

8   Petitioner's liberty is therefore unacceptably high absent additional procedural safeguards.[1]

9        Petitioner's A-file states he was detained when DHS officers discovered he "failed to

10  report for 22 separate check-ins." Dkt. 7-1 at 3. Specifically, the government asserts Petitioner

11  missed one in-person office visit, failed several home visits, and missed several biometric check-

12  ins on various dates between August 2024 and August 2025. Dkt. 6 at ¶¶ 15–17. Petitioner does

13  not explain the circumstances of these alleged violations of the OREC. However, it appears

14  Petitioner was not arrested and detained after any particular violation, but months after the most

15  recent violation, raising concerns that the violations may not have motivated the arrest.

16  Additionally, raising further such concerns, Respondents' briefing argues Petitioner's detention

17  is lawful not because the government had a valid reason to detain him in this circumstance, but in

18  reliance on a policy of mandatory detention of noncitizens under § 1225. The second factor

19  therefore weighs in favor of Petitioner.

20        As to the third factor, the government's interests in enforcing immigration laws and

21

22  _____

    [1] Because Petitioner claims his due process rights were violated, not merely that regulations were
23  not followed, Respondents' argument that 8 C.F.R. § 236.1(c)(9) "does not require evidence of a
    specific OREC violation" is moot.

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
5

1  securing removal of noncitizens are "interests of the highest order." *Rodriguez Diaz v. Garland*,

2  53 F.4th 1189, 1208 (9th Cir. 2022), especially "when it comes to determining whether

3  removable [noncitizens] must be released on bond" during removal proceedings. Those interests,

4  however, are not hindered by providing Petitioner with an individualized bond hearing. The risk

5  of erroneous deprivation of Petitioner's liberty interest far outweighs the cost of a hearing.

6        The Court therefore finds Petitioner's re-detention violated the Due Process Clause and

7  additional procedural safeguards are required.

8      **III.**    **Remedy**

9        Respondents have erroneously subjected Petitioner to mandatory detention under § 1225,

10  depriving him of process to which he is statutorily entitled under § 1226. Respondents claim to

11  have detained Petitioner due to several violations of the OREC and Petitioner fails to rebut that

12  asserted justification. Under the circumstances, the Court finds the appropriate remedy is to order

13  a bond hearing within seven days as required under § 1226(a). An individualized custody

14  redetermination before an immigration judge will mitigate the risk of deprivation of Petitioner's

15  liberty. *Rodriguez Diaz*, 53 F.4th 1189 at 1210 (9th Cir. 2022) (procedures under § 1226(a)

16  minimize the risk of erroneous deprivation). Given the due process rights at stake, if a bond

17  hearing is not provided promptly within that timeframe, Petitioner shall be released immediately

18  on the terms of his most recent OREC. *See, e.g.*, *Balwan v. Bondi*, No. 2:26-CV-00248-LK, 2026

19  WL 497098, at *8 (W.D. Wash. Feb. 23, 2026) (ordering bond hearing and collecting cases

20  following the same approach); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL

21  3265446 (E.D. Cal. Nov. 24, 2025) (same); *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG

22  (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025) (same).

23        The Court further finds it appropriate to require the government to bear the burden at the

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
6

1  post-deprivation bond hearing to show by clear and convincing evidence that Petitioner is a flight

2  risk or a danger to the community. Such an evidentiary burden is not, as Respondents argue,

3  "contrary to law," but is currently the subject of a split among the federal courts of appeals. *See*

4  *Balwan*, 2026 WL 497098, at *9 (collecting cases). Given the violation of Petitioner's due

5  process rights and the risk of erroneous deprivation of his liberty created by the erroneous

6  classification as a mandatory detainee under § 1225, it is reasonable to require the government to

7  prove its entitlement to detain Petitioner by a standard of clear and convincing evidence. *See,*

8  *e.g.*, *M.R.R.*, 2025 WL 3265446, at *14.

9       The Court **ORDERS** as follows:

10      1.    Petitioner's detention without a bond hearing while removal proceedings are

11  ongoing violates the Due Process Clause of the Fifth Amendment.

12      2.    Respondents shall provide Petitioner a bond hearing before an immigration judge

13  within 7 days of this order at which the government bears the burden of proof by clear and

14  convincing evidence that Petitioner is a flight risk or a danger to the community.

15      3.    Respondents shall file a certification as to whether a bond hearing was afforded

16  within 10 working days of this order.

17      4.    Petitioner's requests for immediate release, injunction against re-detention absent

18  written notice and a hearing, and to enjoin Respondents from placing ankle monitors on him

19  upon his release are denied. If Respondents release Petitioner and then re-detain him without a

20  valid reason, Petitioner will be entitled to a hearing to challenge his re-detention.

21      5.    The Court will entertain a motion for attorney fees and costs. Any motion for fees

22  and costs shall be noted under Local Rule 7(d)(3).

23

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
7

DATED this 3rd day of March, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION IN
PART AND DIRECTING BOND HEARING -
8